# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| JESSICA VANDIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 4:08cv-144 M |
| | ) |
| IAC MADISONVILLE, LLC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Jessica Vandiver ("Vandiver"), by counsel, brings this action against Defendant, IAC Madisonville, LLC, ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended, 29 U.S.C. §2601 et seq., Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq. and Kentucky Revised Statute ("KRS") 344.010 et. seq.

### II. PARTIES

2. Vandiver is a resident of Hopkins County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; U.S.C. § 1367; 29 U.S.C. §2617(a)(2) and 42 U.S.C. § 12117.

5. Vandiver's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. At all times relevant to this action, Vandiver was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Vandiver, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9. Vandiver satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 474-2008-01139 against Defendant alleging discrimination based on her association with an individual with a disability. Vandiver received her Notice of Suit Rights and timely files this action.

10. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Vandiver was hired by Defendant on or about May 9, 2005.

12. At the time of her termination from employment, Vandiver served as an Operator I.

13. At all times relevant, Vandiver met or exceeded Defendant's legitimate performance expectations.

14. Vandiver's son suffers from cerebral palsy.

15. Vandiver's son suffers from a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

16. Vandiver's son suffers from a "serious health condition" as those terms are defined by 29 CFR 825.114.

17. Defendant was aware that Vandiver's son suffers from cerebral palsy.

18. After she had been employed for one year, Vandiver applied for and was certified to utilize leave under the FMLA to provide assistance for her son's basic needs and safety and to provide transportation as needed for his physician's appointments.

19. Defendant utilizes the "rolling" calendar for the "12 month period" by which an employee's leave entitlement is determined as set out by 29 CFR 825.200(b)(4).

20. Defendant maintains a policy and practice of requiring employees who utilize leave under the FMLA to recertify their leave every thirty (30) days.

21. Defendant required Vandiver to recertify her leave under the FMLA every thirty (30) days.

22. Defendant terminated Vandiver's employment on or about March 14, 2008 for a purported violation of its attendance policy.

23. Defendant maintains a "no-fault" attendance policy that will allow nine (9) occurrences during a rolling calendar year, anything above nine (9) occurrences will result in termination.

24. Defendant counted leave under the FMLA against Vandiver.

25. Vandiver utilized leave under the FMLA on September 18, 2007 and September 19, 2007.

26. Defendant gave Vandiver a half occurrence (0.5) on September 18, 2007 and September 19, 2007. Vandiver was given a half occurrence on each day because she allegedly failed to call in to report her use of FMLA on each day.

27. In August 2007, Vandiver had reported to her supervisor, Scott Hobgood, that she would be absent between September 17, 2007 and September 19, 2007 to bring her son to Louisville for surgery related to his serious health condition. Vandiver reminded her supervisor of her impending leave the week before and again on September 17, 2007 before she left.

28. Vandiver called in to report her absence on September 18, 2007.

29. Vandiver was given an occurrence for November 19, 2007 because she had "insufficient accrued FMLA hours."

30. Vandiver had used eight (8) hours of leave under the FMLA on November 16, 2006 that should have been restored for Vandiver's use on November 19, 2007.

31. Defendant placed Vandiver on a Last Chance Agreement on or about January 8, 2008 because she had accumulated nine occurrences under the Defendant's Absenteeism Policy.

32. If Defendant had not counted Vandiver's use of leave against her on September 17, 2007 and September 18, 2007, Vandiver would not have been placed on a Last Chance Agreement on or about January 8, 2008 as outlined in the Defendant's Absenteeism Policy.

33.     If Defendant had not counted Vandiver's use of leave against her on November 19, 2007, Vandiver would not have been placed on a Last Chance Agreement on or about January 8, 2008 as outlined in the Defendant's Absenteeism Policy.

34.     Vandiver informed Defendant that it had inappropriately counted leave under the FMLA against her.

35.     Defendant acknowledged its miscalculations but refused to remedy the situation or recalculate Vandiver's occurrences.

36.     Vandiver's son became ill on or about February 28, 2008 as a side effect to his medication.  As a result, Vandiver utilized leave under the FMLA on March 3, 2008 to care for him.

37.     Vandiver called in on the morning of March 4, 2008 and reported that she would be utilizing leave under the FMLA, but hoped to return to work for the second part of her shift.

38      As of the morning of March 4, 2008, Vandiver had been awake for nearly 48 straight hours caring for her disabled son who had been repeatedly vomiting and suffering bouts of diarrhea.  After Vandiver called in to work, she and her son fell asleep on the couch and did not awake until that evening, after the second part of her shift had begun.

39.     The following day Vandiver reported the second part of her day on March 4, 2008 as leave under the FMLA.

40.     Defendant denied Vandiver leave under the FMLA for the second half of her day on March 4, 2008.

41.     Defendant gave Vandiver one and one-half occurrences (1.5) for March 4, 2008 and proceeded to suspend her.

42. On March 14, 2008, Defendant terminated Vandiver's employment.

43. Prior to her termination, Jeff Freiberger, Corporate Human Resources, noted to Vandiver that her attendance was horrible. When Vandiver explained that she is required to miss a lot of work due to her son's disability, Freiberger responded, "we don't need that type of person in the automotive plant."

44. On a separate occasion, Jim Ray, Human Resource Manager, echoed this sentiment when he accused Vandiver of abusing her FMLA leave and noted that "we don't need those people in here."

### V. CAUSES OF ACTION

#### COUNT I: VIOLATION OF THE ADA

45. Vandiver hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint.

46. Defendant discriminated against Vandiver because of her association with an individual with a disability.

47. Defendant's intentional and willful actions were taken in reckless disregard for Vandiver's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4).

48. Vandiver has suffered damages as a result of Defendant's unlawful actions.

#### COUNT II: VIOLATION OF THE KRS 344.040

49. Vandiver hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint.

50. Defendant discriminated against Vandiver because of her association with an individual with a disability.

51. Defendant's intentional and willful actions were taken in reckless disregard for Vandiver's rights as protected by KRS 344.040.

52. Vandiver has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT III: VIOLATION OF THE FMLA - INTERFERENCE

53. Vandiver hereby incorporates paragraphs one (1) through fifty-two (52) of her Complaint.

54. Defendant unlawfully interfered with Vandiver's rights under the FMLA.

55. Defendant's actions were intentional, willful and in reckless disregard of Vandiver's rights as protected by the FMLA.

56. Vandiver has suffered and continued to suffer damages as a result of Defendant's unlawful actions.

### COUNT IV: VIOLATION OF THE FMLA - RETALIATION

57. Vandiver hereby incorporates paragraphs one (1) through fifty-seven (57) of her Complaint.

58. Defendant unlawfully retaliated against Vandiver for the exercise of her rights under the FMLA.

59. Defendant's actions were intentional, willful and in reckless disregard of Vandiver's rights as protected by the FMLA.

60. Vandiver suffered damages as a result of Defendant's unlawful actions.

## VI. R<small>EQUESTED</small> R<small>ELIEF</small>

WHEREFORE, Plaintiff, Jessica Vandiver, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Payment to Vandiver of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

2. Reinstate Vandiver to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Vandiver of front pay in lieu thereof;

3. Payment to Vandiver of liquidated damages for Defendant's intentional and/or willful violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 et seq.

4. Payment to Vandiver of compensatory damages for Defendant's violations of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and KRS 344.040.

5. Payment to Vandiver of punitive damages for Defendant's intentional and/or willful violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

6. Payment to Vandiver of pre- and post-judgment interest;

7. Payment to Vandiver of all costs and attorney fees incurred in litigating this action; and

8. Provide to Vandiver any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III (KY Bar No. 91190)

BIESECKER & DUTKANYCH, LLC
317 SE Third Street
Evansville, IN 47713
Telephone:  (812) 424-1002
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Jessica Vandiver*

## DEMAND FOR JURY TRIAL

Plaintiff, Jessica Vandiver, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III (KY Bar No. 91190)

BIESECKER & DUTKANYCH, LLC
317 SE Third Street
Evansville, IN 47713
Telephone:  (812) 424-1002
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Jessica Vandiver*